## HADLEY *vs.* ELLIS.

When the law has been substantially administered, and the evidence is doubtful, to say the most of it, the verdict of the Jury will not be disturbed.

Assumpsit, in Thomas Superior Court. Tried before Judge HARRIS, at the June Term, 1860.

James T. Ellis instituted an action of assumpsit in Thomas Superior Court, against Simon D. Hadley, to recover the price of a horse, which Ellis alleged he had sold and delivered to Hadley.

Hadley filed to said action the pleas of the "general issue" —"rescision of the contract," and "failure of consideration."

On the trial of the case, the following evidence was adduced, to wit:

Dr. BOWER testified: That, as the agent of Ellis, he sold to Hadley a horse, at the price of one hundred and seventy-five dollars; that he was Ellis' agent to sell, but did not think he had any authority to take the horse back; that Hadley said he wanted a gentle horse, and, after trying the horse in a buggy, he agreed to take him, and promised to give his note for the amount on the next day; that Hadley afterwards brought the horse back and said he was not gentle, and that he would not drive him for him, and offered him back; that witness told him he was not authorized to take

the horse back, but told Hadley to keep the horse until Dr. Ellis returned; that Hadley did keep him a few days and returned with him again, and witness told him he might turn the horse in witness' lot; that witness did thus receive the horse back; that witness was authorized to receive pay for the horse, and Ellis had not revoked any of witness' power before the horse was received back; that witness was authorized to sell the horse generally, and restricted as to the price only; that the sale to Hadley was not conditional, nor was there any warranty of the horse; that he did not receive the horse back, but allowed Hadley to turn him in witness' lot; that he refused to receive the horse back, because he thought he had no authority to do so.

JAMES L. WALCOTT testified: That whilst Hadley had the horse, witness learning that Bower was Ellis' agent to sell, witness proposed to buy him; that Bower replied, that Hadley had him on trial, and that he could not sell him, until Hadley was done with him; that he does not know the date of the conversation, but it was some two years or more ago.

S. A. SMITH, JR., testified: That a short time after the horse was returned, he heard an excited conversation between Bower and Hadley, in which Hadley asked Bower if he did receive the horse back; to which Bower replied that he did.

W. F. HUBERT testified: That the horse died about the third day after he got him, and that he recommended the horse as gentle.

Upon this evidence, the jury returned a verdict in favor of the plaintiff for one hundred and seventy dollars, principal, with interest from the 1st day of January, 1858.

Counsel for Hadley then moved for a new trial, on the following grounds, to wit: :

1st. Because the verdict is contrary to law.

2d. Because the verdict is contrary to evidence.

3d. Because the verdict is decidedly and strongly against the weight of evidence in the case.

4th. Because the Court charged the jury, "that there was but one question for them to consider, and that was, whether the contract was conditional;" when there was another question made and argued by counsel for defendant, and involved in the case, to wit: whether the contract was rescinded.

5th. Because the Court said to the jury, "it is admitted that the contract of sale was made."

The presiding Judge refused the new trial, and that refusal is the error assigned.

McINTYRE & YOUNG, for plaintiff in error.

E. L. HINES, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

If the presiding Judge had granted a new trial in this case, we should have affirmed his judgment. In denying the motion, he has not, in our opinion, been guilty of such a flagrant abuse of his discretion as to compel us to remand the cause for a rehearing.

The testimony, fairly considered, is not necessarily conflicting. It amounts to this: After a partial trial of the horse, Mr. Hadley agreed to purchase him at the price stipulated, and took him home. Upon further trial, he became dissatisfied, and offered to return the horse. Dr. Bower, acting as the agent of Ellis, refused to take him back, but advised Mr. Hadley to keep him until Ellis came, which would be in a few days, disclaiming having any authority to rescind the trade himself. Ellis again comes back with the horse, and, by permission of Dr. Bower, turns him into his lot. It seems to be pretty clear, that neither party looked upon this as a rescission of the contract. Bower testifies positively, that the sale was absolute, and that it was not annulled.

This being the proof, and there being no warranty either as to the soundness or quality of the horse, however hard the bargain may be—as it doubtless is—we can not relieve the buyer against the consequences of his own haste, confidence or carelessness.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.